IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISHIA CASON,
    *Plaintiff,*

    v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES, et al,
    *Defendants.*

Civil Action No.: ELH-11-01304

**MEMORANDUM OPINION**

Ishia Cason, the self-represented plaintiff, has brought suit against Eric Holder, Attorney General of the United States; Rod Rosenstein, United States Attorney for the District of Maryland; Timothy Geithner, Secretary of the United States Treasury Department;[1] and Special Agent Shaun Bridges of the United States Secret Service ("USSS"), seeking an injunction ordering the return of a motor vehicle, to wit, a 2004 Porsche Cayenne, seized by the Maryland State Police in March 2011, and subsequently remanded to the custody of the USSS. *See* Complaint (ECF 1).[2] Plaintiff relies on Title 28 U.S.C. § 1355, and also contends that the warrantless seizure of the vehicle violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 26 of the Maryland Declaration of

---

[1] In her Complaint, plaintiff identifies Mr. Geithner as "Tim" Geithner.

[2] Plaintiff has appended numerous exhibits to her Complaint, including a copy of the Certificate of Title for the vehicle that is the subject of the suit. *See* Complaint at 4. She has also attached a short, unnamed appendix ("Complaint Appendix," ECF 1-1) that includes a proposed Agreement to Surrender Property from the USSS ("Exhibit 1"), a letter informing her of her right to contest the forfeiture, also from the USSS ("Exhibit 2"), and a letter to her criminal defense attorney, John Denholm, which she apparently filed with the circuit courts for Baltimore City; Baltimore County; and Harford County, Maryland, ("Exhibit 3").

Rights.[3]  In addition, she complains that the Government did not comply with the statutory procedures for forfeiture, presumably under 18 U.S.C. § 981 *et seq.*

Defendants have filed a "Motion To Dismiss, Or Alternatively, For Summary Judgment" ("Motion," ECF 12), as well as a "Memorandum Of Law In Support Of Motion To Dismiss, Or Alternatively, For Summary Judgment" ("Motion Memo," ECF 12-1).[4]  Plaintiff has filed a "Motion To Respond To Defendants [sic] Meritless Request to Dismiss Or Alternatively For Summary Judgment" ("Response," ECF 14).  In her response, plaintiff attempts to amend or supplement her Complaint to include a claim under 42 U.S.C. § 1983.  Defendants filed a "Reply Brief In Support Of Defendants' Motion to Dismiss, Or Alternatively, For Summary Judgment" ("Reply," ECF 15).

As the matter has been fully briefed, the Court now rules pursuant to Local Rule 105.6, no hearing being necessary.

**Factual and Procedural Background[5]**

At issue here is a 2004 Porsche Cayenne, VIN WP1AB29P54LA66153.  Complaint at 4.  The vehicle was purchased on or about January 4, 2011, for $2,000.00.  Motion Memo at 4.  At

---

[3] Section 1355 of Title 28 U.S.C provides that the district courts shall have original jurisdiction over "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."  In the body of her Complaint, plaintiff asserts violations of the Fourth, Fifth, and Fourteenth Amendments and Article 26 of the Maryland Declaration of Rights, as well as the procedures for forfeiture outlined in 18 U.S.C. § 981 *et seq.*

[4] Defendants have also appended numerous exhibits to their Motion.

[5] The Court must here construe the facts alleged in the light most favorable to plaintiff, as the party opposing the motion. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  As plaintiff is pro se, her pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (stating that pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers"), *accord Marlar v. Warden, Tyger River Correctional Inst.*, No. 08–8572, 2011 WL 2036507, at *9 n. 6 (4th Cir. May 25, 2011).

the time, the vehicle had a cash value of $17,000.00. *Id.* The Certificate of Title for the vehicle identified "Ishia Cason, LLC" as the registered owner, with an address of 1628 West Lexington Street, Baltimore, Maryland 21223. Complaint at 4. That address corresponds to the address plaintiff used as her address for the filing of her Complaint. *Id.* at 1. According to the Government, "there are no known records of an entity" by the name of Ishia Cason, LLC. Motion Memo at 4 (citing Exh. 2, Declaration of SA Shaun Bridges at ¶ 1n). At the time of the vehicle's purchase, plaintiff was unemployed and receiving public assistance. *Id.*

The Government explains that plaintiff was suspected of participating in a scheme in which credit cards and credit card numbers were stolen from the restrooms of rest stops along I-95 in Maryland. Motion Memo at 3. Allegedly, plaintiff and her "co-conspirator" would steal the cards and/or numbers and use them to purchase items from Nordstrom, the department store, and then return the items for cash. *Id.* at 4. The Porsche Cayenne was suspected of constituting "proceeds traceable to identity fraud and access device fraud in violation of 18 U.S.C. §§ 1028, 1029." *Id.* at 3. Therefore, the vehicle was subject to forfeiture, pursuant to 18 U.S.C. § 981. Complaint Appendix, Exh. 2.

Consequently, on March 4, 2011, the Maryland State Police seized the vehicle from 1760 Carswell Street, Baltimore, Maryland. Complaint Appendix, Exh. 1.[6] The vehicle was later remanded to the custody of the USSS, which began administrative forfeiture proceedings. *Id.*

On April 20, 2011, the USSS furnished plaintiff with an "Agreement to Surrender Property." Complaint Appendix, Exh. 1. The Agreement advised plaintiff that administrative forfeiture proceedings had been initiated and provided that, if plaintiff would voluntarily relinquish ownership of the vehicle in cooperation wtih the investigation of the alleged violations

---

[6] Plaintiff complains that the seizure by the Maryland State Police was made without a warrant. Complaint at 3.

of federal law related to the purchase of the vehicle, the USSS would not proceed with criminal charges for those alleged violations. *Id.* Plaintiff did not sign the Agreement. *Id.* By letter dated April 28, 2011, the USSS advised plaintiff of her right to contest the forfeiture. Complaint Appendix, Exh. 2. The letter also informed plaintiff that, if she disagreed with the USSS' claim that the property was subject to forfeiture and sought a trial of the matter in a federal district court, she would have to file a Claim of Ownership with the USSS by June 2, 2011. *Id.* However, plaintiff did not file a Claim of Ownership. Instead, she instituted this suit, on May 11, 2011.[7]

On July 25, 2011, the United States filed a Verified Complaint For Forfeiture in this Court regarding the Porsche. That matter is currently pending before Judge William Quarles, Jr. Motion Memo, Exh. 1. *See United States v. One 2004 Porsche Cayenne*, WDQ-11-cv-2045 (D. Md.). According to the verified complaint in that case, the vehicle was seized based on facts indicating that the vehicle constituted proceeds traceable to identify fraud and access device, in violation of 18 U.S.C. § 1028, 1029.[8]

**Parties' Contentions**

Plaintiff contends that the initial seizure of the vehicle by the Maryland State Police was executed without a warrant, in violation of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 26 of the Maryland Declaration of Rights. Complaint at 3, Response at 2. Accordingly, she contends that the federal government has no right to the vehicle. Response at 3. Plaintiff asserts: "[W]hen the state law enforcement

---

[7] There is no dispute that plaintiff received the proposed Agreement and the letter, as she appended copies of them to her Complaint.

[8] This Court can take judicial notice of its own records in another case if "the prior case is brought into the pleadings in the case on trial or where the two cases represent related litigation." *Thurman v. Robinson,* No. 94-6998, 1995 WL 133350, at *2 (4th Cir. Mar. 28, 1995) (quoting *United States Fidelity & Guar. Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir. 1964)).

agencies realized their errors they decided to compound their errors by illegally transferring the property they seized to [the USSS] even though the Secret Service did not file a complaint for forfeiture . . . nor is the U.S. Attorney General's office involved in this matter . . . ." Complaint at 3. Therefore, plaintiff asks this Court to issue an injunction commanding the return of her property. *Id.* at 5.[9]

In her Response, plaintiff also asks that the Court "Grant Relief Under the Civil Rights Act Pursuant to 42 U.S.C. Section 1983, As A Supplemental [sic] To [The] Original Complaint." Response at 1 (caption). Claiming that "the facts clearly show that plaintiff's federal rights were violated," Response at 11, plaintiff attempts to allege a § 1983 claim, asserting:

> [S]he has been unconstitutionally deprived of a liberty interest by the defendants under the illegal authority of state police officers by their failure to comply with clear rights contained in the United States Constitution's 4th, 5th, and 14th Amendments and the mandatory federal and state statutes and Supreme Court common law that implements those fundamental rights.

Response at 12-13.

In addition, plaintiff requests "punitive and accumulative damages." *Id.* at 14. In her Complaint, however, plaintiff had only requested the return of the vehicle.[10]

Defendants have moved to dismiss the Complaint on four separate grounds. They contend first that, because the USSS initiated administrative forfeiture before plaintiff filed suit,

---

[9] In her Complaint, plaintiff repeatedly suggests that her criminal defense attorney, John Denholm, was "complicit" in these events. Complaint at 3; Complaint Appendix, Exh. 3. Further, plaintiff seems to suggest that Denholm rendered ineffective assistance of counsel, for which she intends to raise a Sixth Amendment claim. However, Denholm is not a party to this suit, nor is the case *sub judice* a criminal case.

[10] Under FED. R. CIV. P. 15(d), a party cannot serve a "supplemental pleading" without leave of court, on motion and with reasonable notice. Notably, supplemental pleadings are intended to deal with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* However, in light of the latitude afforded pro se litigants, the Court will construe plaintiff's Response as an attempt to amend her Complaint, pursuant to FED. R. CIV. P. 15(a)(1)(B).

and because the United States has, subsequent to the filing of this suit, instituted filed a formal civil forfeiture complaint against the subject property, this Court has been "divested of subject matter jurisdiction" with respect to the underlying complaint. Motion at 2. Second, defendants urge dismissal on the ground that plaintiff failed to exhaust her administrative remedies, as provided by 18 U.S.C. § 983(a)(2). *Id.* Given that plaintiff's Complaint could be construed as a motion to compel the Government to initiate civil forfeiture proceedings, defendants also argue that the Complaint is moot, as such proceedings have been initiated. *Id.* Finally, defendants argue that, to the extent plaintiff's Complaint attempts to hold defendants liable for the initial seizure of the vehicle by the Maryland State Police, the Complaint should be dismissed for failure to state a claim. *Id.* at 3. In particular, defendants maintain that, under 18 U.S.C. § 981 (e), the United States cannot be held liable in any action arising out of the seizure of property by State officials, where the property is then transferred to the United States. *Id.* In addition, they argue that, under 18 U.S.C. § 981(b)(2)(C), the United States is expressly authorized to take custody, without a warrant, of property seized by a state. Motion Memo at 13.

Plaintiff's Response does not directly address any of the four grounds. Rather, plaintiff reaffirms her belief that the initial seizure of the vehicle was prohibited, *inter alia*, by the Fourth Amendment, *see generally* Response, and argues that the seizure of the vehicle was a taking of private property for public use without just compensation under the Fifth Amendment. Response at 14.

**Discussion**

I.

Federal law provides that the proceeds traceable to violations of 18 U.S.C. § 1028 and § 1029 are subject to forfeiture. *See* 18 U.S.C. § 1028(g); § 1029(c)(2). The rules governing civil

forfeiture are found in 18 U.S.C. § 981 *et seq*. They provide that the United States may seize property subject to forfeiture "without a warrant if the property was *lawfully* seized by a State or local law enforcement agency and transferred to a Federal agency." 18 U.S.C. § 981(b)(2)(C) (emphasis added). The defendants do not address the gravamen of the complaint—that the property was unlawfully seized by the State, because no warrant was obtained.

When property is seized by a state and then remanded to the custody of the United States, the federal agency receiving the property must provide notice of the seizure to any interested parties within 90 days of the date of the initial seizure. 18 U.S.C. § 983(a)(1)(A)(iv). Of import here, it is then incumbent upon an interested party to seek return of the property by pursuing administrative remedies. 18 U.S.C. § 983(a)(2). Typically, this would take the form of filing a Claim of Ownership, as plaintiff was directed to file in the letter she was sent by the USSS on April 28, 2011. Complaint Appendix, Exh. 2. If an administrative claim is filed contesting the seizure, the United States must either return the property to the claimant or file a civil forfeiture complaint in a U.S. District Court within 90 days of the filing of the Claim of Ownership. 18 U.S.C. § 983(a)(3).

Once a complaint has been filed in federal district court, any interested parties must, to protect their interests, file a claim with the Clerk of the Court asserting their interests, within 30 days of the date of service of the complaint, or within 30 days after the date of final publication of notice of the filing of the complaint. 18 U.S.C. § 983 (a)(4)(A).[11] The interested party must then file an answer to the complaint within 20 days of the filing of the claim. 18 U.S.C. § 983(a)(4)(B).

---

[11] *See* Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Here, the defendant challenges the Court's subject matter jurisdiction. "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). FED. R. CIV. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 Fed. App'x 960 (4th Cir. 2004). "[A] motion to dismiss under Rule 12(b)(1) is nonwaivable and may be brought at any time-even on appeal-regardless of whether a litigant raised the issue in an initial pleading." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 548 (4th Cir. 2006); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir.1999); *see also Ferdinand–Davenport,* 742 F. Supp. 2d at 777; *Khoury,* 268 F. Supp. 2d at 606. In ruling on a motion under FED. R. CIV. P. 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand–Davenport,* 742 F. Supp. 2d at 777 (quoting *Evans,* 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991), *cert. denied,* 503 U.S. 984 (1992).[12] The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to

---

[12] Defendants advise that they have only "moved in the alternative for summary judgment to the extent the Court is inclined to convert the motion into one for summary judgment." Motion Memo at 8 n. 3.

prevail as a matter of law." *Evans,* 166 F.3d at 647. I will construe the motion as a motion to dismiss.

II.

Defendants argue correctly that, where administrative remedies are available, a plaintiff generally must exhaust such remedies before pursuing a judicial remedy. *See Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, No. 10–322, 2011 WL 3444343, at *26 (D. Md. Aug. 08, 2011) ("When a party seeks judicial review of an agency decision, the party is generally required to 'exhaust prescribed administrative remedies before seeking relief from the federal courts.'" (quoting *Volvo GM Heavy Truck Corp. v. U.S. Dept. of Labor,* 118 F.3d 205, 209 (4th Cir.1997)). Courts have held that this rule encompasses the requirement that claimants seeking the return of property subject to forfeiture proceedings must first exhaust administrative remedies before filing a judicial action, or else face dismissal of a law suit seeking recovery of the property. *See Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy,* 552 F.3d 885, 889-891 (D.C. Cir. 2009); *Cole v. United States (In re U.S. Currency, $844,520.00),* 136 F.3d 581, 582 (8th Cir. 1998); *Mesa Valderrama v. United States,* 417 F.3d 1189, 1197 (11th Cir. 2005).

Here, plaintiff did not exhaust the administrative remedies available to her before filing suit. On April 28, 2011, plaintiff was informed by letter from the USSS, that the USSS was initiating administrative forfeiture proceedings, and that she had until June 2, 2011, to file a Claim of Ownership, contesting the forfeiture. Plaintiff never filed a Claim of Ownership. Instead, on May 11, 2011, she instituted this suit. Consequently, plaintiff's failure to exhaust is grounds for dismissal.

Defendants also argue correctly that, "once the Government initiates [administrative] forfeiture proceedings, the district court is divested of jurisdiction" over a suit filed by a claimant

seeking return of the subject property. *See Ibarra v. United States*, 120 F.3d 472, 476 (4th Cir. 1997) (dismissing plaintiff's suit to recover $153,279.00 in currency she alleged was seized by the Drug Enforcement Administration without probable cause, holding that the court lacked subject matter jurisdiction over claims related to the subject property because administrative forfeiture proceedings had commenced). "Once an administrative forfeiture proceeding has been completed, district courts retain jurisdiction only to 'determine compliance with due process or procedural requirements.'" *Harris v. Drug Enforcement Admin.*, No. JFM–00–3716, 2001 WL 310974, at *1 (D. Md. Mar. 29, 2001) (quoting *Ibarra,* 120 F. 3d at 475 n. 4). For example, district courts retain jurisdiction if "a party alleges that the government failed to provide adequate notice of forfeiture, and, as a result, violated the claimant's due process rights." *Tillman v. U.S.*, No. AW-08-3362, 2009 WL 2151201, at *1 (D. Md. July 14, 2009).[13] *See Linarez v. United States Dep't of Justice*, 2 F.3d 208, 211-212 (7th Cir. 1993) ("By initiating administrative forfeiture proceedings pursuant to 19 U.S.C. § 1607 [pertaining to the seizure of property by customs officers], the agency that seized the property divest[ed] the district court of its jurisdiction over the forfeiture proceedings."); *United States v. One Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) (concluding that, "once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting . . . ."); *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990) ("[W]e now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property.").

---

[13] Plaintiff does not assert here that she was denied due process. Rather, she challenges the seizure of the vehicle. Indeed, plaintiff was notified of the administrative forfeiture proceedings, based on the copy of the letter she received from the USSS, appended to her Complaint, which informed her of the pendency of the administrative forfeiture proceedings.

On July 25, 2011, after plaintiff filed the underlying Complaint, the United States filed a civil forfeiture complaint in this Court regarding the same property. As noted, that matter is currently pending before Judge Quarles. *See United States v. One 2004 Porsche Cayenne*, WDQ-11-cv-2045 (D. Md.). Defendants posit that the filing of that action "effectively terminated the administrative process." Motion Memo at 11.

The federal district court is, of course, competent to hear the civil forfeiture case assigned to Judge Quarles, as well as "matters directly or collaterally concerning the property." *Tillman,* 2009 WL 2151201 at *1. But, any matters concerning the vehicle must be addressed in that case. Civil forfeiture proceedings are *in rem*. Permitting competing actions to each lay claim to the right to adjudicate title to the *res* opens the door to inconsistent results and clouded title.

*Wada v. U.S. Secret Service*, 525 F. Supp. 2d 1 (D.D.C. 2007), offers guidance. There, plaintiff's Bank of America account was closed and taken into the custody of the USSS pursuant to a warrant issued by the United States District Court for the Eastern District of Michigan (the "Eastern District"). *Id.* at 5. The account was seized after the USSS came to suspect that funds in the account were subject to civil forfeiture because of their relationship to a wire-fraud crime. *Id.* at 6. The USSS initiated administrative forfeiture proceedings and, unlike the plaintiff here, Wada timely filed a claim of ownership. *Id.* In addition to participating in the administrative forfeiture proceedings, on March 6, 2007, Wada filed suit in federal court in the District of Columbia. The gravamen of her complaint was a demand for the return of the funds in her Bank of America account. *Id.* Thereafter, on May 25, 2007, the United States, in response to Wada's filing of a claim of ownership in the administrative forfeiture proceedings, filed a civil forfeiture complaint regarding the property in the federal court in Michigan. *Id.* at 7. On June 19, 2007, the USSS moved to dismiss the case Wada had filed in federal court in the District of Columbia,

arguing that all claims should be heard in the civil forfeiture case in Michigan, even though that action was commenced after plaintiff initiated her claim in the District of Columbia. *Id.*

The federal court in the District of Columbia noted that D.C. Circuit precedent made clear that, once the USSS has commenced administrative forfeiture proceedings, the district courts are stripped of jurisdiction. Accordingly, the court determined that it

> lacked jurisdiction over Plaintiff's challenge to the forfeiture once the administrative proceeding was initiated, and continues to lack jurisdiction over Plaintiff's challenge now that the civil forfeiture action has been commenced in the Eastern District of Michigan. . . . To the extent that Plaintiff wants to assert such a challenge, she must do so . . . via the ongoing civil forfeiture action in the Eastern District of Michigan, as provided for in 18 U.S.C. § 983. The Court shall therefore dismiss the instant action for lack of subject matter jurisdiction, insofar as it challenges the forfeiture of assets seized from the [Bank of America] account.

*Id.* at 11-12. *See also Vega v. U.S.*, No. 00 Civ. 8920, 2001 WL 823874, at *2 (S.D.N.Y. July 20, 2001) (Petitioner sought return of property seized by the Government in an independent civil action pursuant to FED. R. CRIM. P. 41(e); the Court noted that a civil forfeiture proceeding regarding the same property had been initiated before another judge within the same jurisdiction and dismissed the claim, instructing plaintiff that "[a]ny objections to the civil forfeiture action may be raised in that action").

Although here we are talking about two cases pending before two different judges in the same federal district court, the situation is analogous. It follows that plaintiff's independent civil action is not properly before this Court. Rather, any challenge she has must be raised in the forfeiture case now pending before Judge Quarles.[14]

---

[14] Having found adequate grounds to dismiss, the Court will not address the remainder of defendants' arguments. This opinion is without prejudice to plaintiff's entitlement to pursue any rights available to her in the action pending before Judge Quarles. The Court expresses no opinion, however, on the availability to plaintiff of any such rights or remedies.

## Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion To Dismiss. A separate Order consistent with this Opinion follows.

Date: September 27, 2011

/s/
Ellen Lipton Hollander
United States District Judge